NOT DESIGNATED FOR PUBLICATION

No. 125,483

IN THE COURT OF APPEALS OF THE STATE OF KANSAS

TONN FAMILY LIMITED AGRICULTURAL PARTNERSHIP,
d/b/a SATCHEL CREEK RANCH,
*Appellee*,

v.

WESTERN AGRICULTURAL INSURANCE COMPANY,
*Appellant*.

MEMORANDUM OPINION

Appeal from Butler District Court; CHARLES M. HART, judge. Oral argument held October 17, 2023. Opinion filed March 22, 2024. Affirmed in part, reversed in part, and remanded with directions.

*Marc A. Powell*, of Powell Law Office, of Wichita, for appellant.

*Nathaniel T. Martens*, *Roarke R. Gordon*, *Charles M. Millsap*, and *Lyndon W. Vix*, of Fleeson, Gooing, Coulson & Kitch, L.L.C., of Wichita, for appellee.

Before ATCHESON, P.J., CLINE, J., and MARY E. CHRISTOPHER, S.J.

PER CURIAM: What began as wrongful refusal to pay claim that a property owner brought against its recalcitrant insurance carrier in Butler County District Court has narrowed—in a second appeal here—to a protracted fight over the statutory attorney fees due the property owner for having won the underlying legal battle. We largely affirm the district court's award of attorney fees to Plaintiff Tonn Family Limited Agricultural Partnership and against Defendant Western Agricultural Insurance Company and grant the partnership's motion for attorney fees for this appeal. In turn, we remand to the

1

district court for the limited purpose of entering a revised judgment for the partnership for attorney fees and accrued interest as directed.

INTRODUCTION

Following a severe hailstorm in April 2015, the partnership submitted a claim to the insurance company for substantial damage to several buildings on the family ranch, including extensive cracking in the slate roof of the main residence. The partnership found the insurance company's response to be less than satisfactory and about 14 months later filed this action for breach of contract and negligence. In a four-day jury trial in April 2018, a jury returned a verdict for the partnership on the breach of contract claim for $514,780 and a much smaller amount on the negligence claim the district court later set aside as a duplicative recovery. The details of the underlying litigation growing out of the insurance company's breach of contract are irrelevant to this appeal and have been outlined in our earlier decision. See *Tonn Family Limited Agricultural Partnership v. Western Agricultural Insurance Co.*, No. 120,933, 2021 WL 1045206 (Kan. App. 2021) (unpublished opinion) (*Tonn I*). In posttrial rulings, the district court awarded the partnership attorney fees under K.S.A. 40-908, permitting an insured to recover reasonable attorney fees when a judgment has been entered against an insurer for failing to pay under a policy covering hail damage unless the insurer had tendered a payment greater than the judgment. The district court also awarded prejudgment interest on the verdict amount.

The insurance company appealed. In *Tonn I*, we rejected various challenges to the jury verdict finding the insurance company liable for breach of contract and affirmed that part of the overall judgment. But we reversed the district court's imposition of prejudgment interest on the verdict amount and remanded to the district court to reconsider the attorney fee award as a result. 2021 WL 1045206, at *1. We also directed

2

the district court to modify the way it had calculated the statutory fee award. 2021 WL 1045206, at *17-18.

In determining the amount of attorney fees to award under K.S.A. 40-908, the district court originally used the 40 percent contingent fee in the employment contract between the partnership and its lawyers. The district court awarded 40 percent of the verdict plus prejudgment and postjudgment interest to cover the lawyers' work through the trial and then awarded 40 percent of that fee amount to cover their posttrial work in preparing the fee request and resisting the insurance company's motions opposing the fee request, seeking a new trial, and renewing its claim for a judgment as a matter of law.

In *Tonn I*, we suggested the district court could revisit whether to use the contingency percent from the employment contract or a lodestar figure based on a reasonable hourly rate for a reasonable number of hours required to handle the litigation as its starting point and left the choice to the district court. As the district court recognized, that amount—however it was calculated—would then have to be filtered through and satisfy the factors in Rule 1.5(a) (2020 Kan. S. Ct. R. 297) of the Kansas Rule of Professional Conduct requiring that attorney fees be reasonable. See 2021 WL 1045206, at *17. In addition, we directed the district court to use a lodestar calculation in determining attorney fees for the posttrial work because the contingency percentage as the district court had applied it for that work amounted to an impermissible and excessive allowance of attorney fees. 2021 WL 1045206, at *18. Finally, we granted the partnership's motion for attorney fees on appeal in the amount of $38,250, representing about 90 percent of the lodestar request. 2021 WL 1045206, at *20.

On remand, the insurance company continued to dispute how the statutory attorney fees should be determined. The district court revised the calculation of the attorney fees through the trial and for the posttrial work ahead of the appeal in *Tonn I* and awarded additional fees for the work done on remand. We incorporate the pertinent

3

details of those rulings in our legal analysis. The insurance company has now appealed the revised award of attorney fees to the partnership.

LEGAL ANALYSIS

District courts are considered experts in fashioning statutory and contractual attorney fee awards, and appellate courts have comparable expertise in reviewing those awards. *Johnson v. Westhoff Sand Co., Inc.*, 281 Kan. 930, 940, 135 P.3d 1127 (2006); *Tonn I*, 2021 WL 1045206, at \*17. Notwithstanding that shared expertise, we typically defer to a district court's fee determination given its familiarity with the case proceedings and essentially reserve our review to police an award for legal and factual sufficiency. An appellate court may intercede, as well, to adjust a fee award "'in the interest of justice.'" *Link, Inc. v. City of Hays*, 268 Kan. 372, 383, 997 P.2d 697 (2000); *State ex rel. Schmidt v. Nye*, 56 Kan. App. 2d 883, 896, 440 P.3d 585 (2019). The standard, thus, accords deference to the district court, while retaining some measure of authority for the reviewing appellate court to draw on its own expertise to correct manifest mistakes.

On remand, the district court endeavored to comply with our directions in reconsidering the statutory attorney fee award in the face of continuing resistance from the insurance company. The insurance company argued that the appellate mandate from *Tonn I* precluded additional attorney fees to the partnership for having to litigate the statutory award on remand and substantially limited the district court's discretion in considering a revised judgment. That sort of sledgehammer reading of our appellate decision and the resulting mandate lacks both nuance and merit. We preserved considerable latitude for the district court in taking a second look at an appropriate award of attorney fees to that point in the litigation and in allowing additional fees for additional work on remand, consistent with K.S.A. 40-908.

4

We now turn to particular rulings the district court made in revising the attorney fee award.

The district court again drew on the employment contract between the partnership and its lawyers to determine an appropriate fee award for work through the jury trial. But the district court used a 45 percent contingency in the contract that would have applied if there were an appeal *and* a second trial. The district court then computed an additional fee for the lawyers' posttrial work using a lodestar amount based on the hours the lawyers spent and their hourly rates. The district court applied a 1.5 risk multiplier to the lodestar amount.

Having elected to continue using the contractual contingent fee agreement to determine the reasonable attorney fees due the lawyers for work through the jury trial, the district court incorrectly chose the 45 percent figure, effectively creating an inappropriate double recovery. By design, contingent fees build in a premium to offset the risk the lawyers will recover nothing for their clients and, thus, receive no compensation. See *Burlington v. Dague*, 505 U.S. 557, 565, 112 S. Ct. 2638, 120 L. Ed. 2d 449 (1992) ("An attorney operating on a contingency-fee basis pools the risks presented by his various cases: cases that turn out to be successful pay for the time he gambled on those that did not."); *Pennsylvania v. Delaware Valley Citizens' Council*, 483 U.S. 711, 719-20, 107 S. Ct. 3078, 97 L. Ed. 2d 585 (1987). Conversely, lawyers hired on an hourly fee basis are compensated win or lose.

Here, the lawyers gauged the premium as part of their 40 percent of the recovery if the case were resolved in the district court without an appeal. The figure increased to 45 percent of the recovery if the case were appealed and retried—agreed-upon compensation between the lawyers and the partnership, presumably reflecting fair compensation with a risk-of-loss premium for work done through an appeal and any remand. But the district court not only used the increased contingency percentage but also awarded the lawyers

5

additional lodestar fees for their posttrial work before the appeal in *Tonn I* and their work on remand after *Tonn I*. And we had already granted the lawyers' motion for attorney fees covering the appeal in *Tonn I* based on a lodestar calculation rather than the contingency percentage. As a result, the district court again functionally permitted double compensation by overlaying the contractual contingency fee with lodestar fees covering much of the posttrial work.

The district court should have awarded 40 percent of the corrected jury verdict of $514,780 or $205,912 to the lawyers as a reasonable attorney fee through the trial. The district court erred in adding the accrued postjudgment interest to the verdict in calculating the fee award. The employment contract does not call for the contingency computation to include postjudgment interest on the verdict.

As we have indicated, in *Tonn I*, we set aside the district court's original calculation for posttrial work as improperly duplicative. On remand, the district court awarded the lawyers a lodestar fee of $65,282 based on the hours worked and their hourly rates for work between the trial and the appeal in *Tonn I* and then applied a 1.5 risk multiplier to increase the award to $98,273. The insurance company suggests the time spent includes issues on which the lawyers were unsuccessful but fails to identify the issues or the time with particularity. So that challenge fails. But we find the risk multiplier to be inappropriate because the award was determined after the successful appeal in *Tonn I*, and there was no practical risk of the underlying verdict being set aside at that stage of the litigation since the insurance company declined to seek review in the Kansas Supreme Court.

In *Tonn I*, we reversed the dollar amounts of the attorney fee awards but not the partnership's statutory right to properly calculated awards. Accordingly, the corrected amounts should accrue interest from the dates of the original district court rulings. And the proper statutory attorney fees for the partnership's lawyers' work through trial and for

their posttrial work are less than what the district court initially awarded, so the insurance company has not been somehow disadvantaged by facing a substantially larger obligation.

On remand, the insurance company continued to vigorously litigate the statutory attorney fee award. In turn, the partnership's lawyers had to continue the battle. They are entitled to reasonable attorney fees under K.S.A. 40-908 for that work. We find the insurance company's contrary position unpersuasive. The district court awarded $54,491.50 calculated as a lodestar amount with no risk multiplier. The insurance company has not directly disputed the reasonableness of resulting computation of hours worked multiplied by the lawyers' hourly rates. We find no basis for tinkering with the amount.

We now recapitulate the original judgment, the appropriate attorney fee awards up to this appeal, and the determination of postjudgment interest:

The judgment on the jury verdict of $514,780 was entered on August 8, 2018, and began accruing interest at the fluctuating statutory rate for judgments under K.S.A. 16-204(e)(1).

The adjusted judgment for attorney fees of $205,912 for work done through the trial began accruing interest on March 14, 2019, the date of the district court's original order and judgment on attorney fees for work through the trial and on the posttrial motions.

The adjusted judgment for attorney fees for work done after the trial and before the appeal in *Tonn I* of $65,282 also began accruing interest on March 14, 2019.

The district court awarded $1,650.42 in costs to the partnership on March 14, 2019.

The judgment for attorney fees for work done on the appeal in *Tonn I* of $38,250 began accruing interest on March 19, 2021, the date our opinion was entered.

The judgment for attorney fees for work done on remand to the district court following *Tonn I* in the amount of $54,491.50 began accruing interest on August 29, 2022.

The insurance company paid $875,000 on April 9, 2021. We have credited that payment first against the jury verdict and the interest accrued on that judgment as of April 9, 2021, and then to the attorney fee awards and the accrued interest on them. As set out in the attachment to this opinion, the unpaid balance of attorney fees awarded in the district court was $121,505.47 and the accrued interest stood at $18,117.90 through March 22, 2024. Statutory interest is to be computed on the judgment amount alone and not on the judgment plus accrued postjudgment interest, thereby permitting simple interest rather than a form of compound interest. See *Iola State Bank v. Bolan*, 235 Kan. 175, 194, 679 P.2d 720 (1984).

The partnership timely filed a motion with supporting documentation for attorney fees incurred in this appeal of $17,220, reflecting 76.50 hours spread among four lawyers at an hourly rate of either $175 or $250. We may allow attorney fees on appeal because the district court had the authority to award fees under K.S.A. 40-908. The time was spent responding to the insurance company's appeal of the district court's revised determination of statutory attorney fees.

In response to the motion, the insurance company reiterates its arguments that the district court's fee awards exceeded the decision and resulting mandate in *Tonn I* and,

therefore, no attorney fees should be allowed the partnership for its lawyers' work in responding in this appeal. The insurance company's position on the scope of the mandate remains unpersuasive as an argument against the motion for attorney fees on appeal.

While we have revised the district court's calculation of attorney fees, we have found the insurance company's positions largely unavailing, and we have not determined the award of some measure of attorney fees to have been inappropriate. Consistent with the make-whole objective in permitting an insured to recover attorney fees from an insurer persisting in an unwarranted refusal to pay a claim under K.S.A. 40-908, we grant the partnership's motion. We find the described hours and rates to be reasonable. The insurance company does not argue otherwise. The $17,220 we award today becomes part of the unsatisfied judgment for attorney fees.

On remand, the district court is directed to enter a superseding judgment in favor of the partnership and against the insurance company for $138,725.47 in statutory attorney fees; $18,117.90 in interest accrued through March 22, 2024; interest accruing at $35.156 a day thereafter through June 30, 2024, unless the judgment is paid before then; and interest accruing on and after July 1, 2024, at the designated statutory rate if still not paid.

Affirmed in part, reversed in part, and remanded with directions.

**Attachment**

*Judgment on Verdict and Interest*

|  | Dates | Interest Rate | Daily Interest | Accrued Interest |
|---|---|---|---|---|
| $514,780 (adjusted verdict) | 08/09/18 to 06/30/19 | 6.5% | ($91.673) | $29,977.07 |
|  | 07/01/19 to 06/03/20 | 7.0% | ($98.725) | $36,034.60 |
|  | 07/01/20 to 04/09/21 | 4.25% | ($59.940) | $16,903.08 |

Total verdict, accrued interest, and costs of $1,650.42 on April 9, 2021:  $599,345.17

Western Agricultural Ins. Co. paid  $875,000 on April 9, 2021

*Statutory Attorney Fees and Interest*

| | Dates | Interest Rate | Daily Interest | Accrued Interest |
|---|---|---|---|---|
| $271,194 (atty. fees through trial @ 40% of verdict plus $65,282 for posttrial work up to appeal *Tonn I*) | 03/14/19 to 06/30/19 | 6.5% | ($48.295) | $5,215.86 |
|  | 07/01/19 to 06/30/20 | 7.0% | ($52.001) | $18,983.58 |
|  | 07/01/20 to 04/09/21 | 4.25% | ($31.577) | $8,936.29 |

Total atty. fees for preappeal work with interest on April 9, 2021: $304,329.73

| | | | | |
|---|---|---|---|---|
| $38,250 (atty. fees for work on appeal *Tonn I*) | 03/19/21 to 04/09/21 | 4.25% | ($4.454) | $89.08 |

Atty. fees and interest as of April 9, 2021:  $342,668.80

Balance of atty. fees after crediting remainder
of Western Agricultural Ins. Co. payment:  $67,013.87

| | | | | |
|---|---|---|---|---|
| $67,013.97 | 04/09/21 to 06/30/22 | 4.25% | ($7.800) | $3,486.60 |

1

07/01/22 to 08/29/22   5.75%   ($10.557)                    $633.42

$121,505.47  08/29/22 to 06/30/23   5.75%   ($19.141)                    $5,838.00

(unpaid atty. fees plus award of $54,491.50 for
work in dist. ct. on remand)

07/01/23 to 03/22/24   9.25%   ($30.792)                    $8,159.88

$138,725.47   03/22/24 to unk.          9.25%   ($35.156) through July 1, 2024
(Balance of atty. fees, including award of
$17,220 for present appeal)

Total unpaid attorney fees and interest as of March 22, 2024:  $156,843.37

Interest accrues on unpaid attorney fees of $138,725.47 at $35.156 a day from March 22, 2024, until paid or July 1, 2024, when statutory interest rate changes

2